```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
KAREN KING O/B/O B. KING,        *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   Civil Action 07-00236-CG-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of                  *
Social Security,                 *
                                 *
     Defendant.                  *
```

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's unopposed Motion For Award of Attorney's Fees Pursuant to The Equal Access To Justice Act and Memorandum in Support.  (Docs. 19, 20).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).  Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's motion be GRANTED in part, and that the Plaintiff receive a reasonable attorney's fee in the amount of $330.84.

### I.   Findings Of Fact

1.   Plaintiff commenced this action on March 30, 2007.  (Doc. 1).  On September 14, 2007, the Court entered Judgment reversing and remanding this cause to the Commissioner of Social Security for further proceedings. (Doc. 17, 18).

2.    Plaintiff's motion for attorney's fees was filed on

October 27, 2007. (Doc. 19). In the motion, Plaintiff requests an attorney's fee award of $323.32. (Id.) The attorney's fee award represents a total of 2 hours, at an hourly rate of $161.66 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

3.   The Commissioner of Social Security has filed a Response, and states that he has no objection to Plaintiff's motion. (Doc. 22).

## II.   Conclusions Of Law

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

### A.   EAJA Hourly Rate

1.   The EAJA (as amended)[1] provides, in relevant part, as

---

[1] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000). These amendments

follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)

2.  In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

3.  The prevailing market rate in the Southern District of Alabama has been previously determined to be $125.00 per hour.  See Boggs v. Massanari, C.A. 00-0408-P-C (S.D. Ala. (Jun. 13, 2001)); Boone v. Apfel, C.A. 99-0965-CB-L (S.D. Ala. (Aug. 30, 2001)). However, recently, in Lucy v. Astrue, CV 06-147-C (S.D. Ala. (July 5, 2007)), a Social Security case from this District, Magistrate

---

apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

Judge William Cassady granted an increase in the hourly rate from $125.00 per hour to $161.66 per hour.  In doing so, Judge Cassady noted that one of the factors to consider in determining whether to raise the rate to an amount greater than $125.00 per hour is the increase in the "cost of living," that the hourly rate in this district had not been raised since 2001 although there has been a substantial increase in the "cost of living," and that "there comes a time when the increasing cost of living must be addressed." (Id. at 4)  In Lucy, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

(Id. at 4)  The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment.  (Id. at 5.)

    4.  Plaintiff has requested attorney fees in the amount of $323.32, calculated at a rate of $161.66 per hour.  The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is now the proper method in this District for determining the attorney fee rate in cases such as these.

    5.  The Complaint in this action was prepared and filed on March 30, 2007, and the District Judge's Order and Judgment were

entered on September 14, 2007.  (Docs. 1, 17 and 18).  The number of days between those two dates is 168; thus making June 22, 2007 the "temporal midpoint" between those two dates.  The CPI-U for June of 2007 was 201.68.  Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 201.68/152.4.  This calculation yields an hourly rate, adjusted for "cost of living" increases, of $165.42.  Accordingly, based on the formula set forth in Lucy, the undersigned recommends an hourly rate of $165.42.

**B.    Reasonableness of Hours**

1.    With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done."  (Id. at 1306).

2.    In the case sub judice, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed.  (Doc. 19).  The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions,

Plaintiff is entitled to 2 hours of attorney time expended representing Plaintiff in federal court.  See, e.g., Coleman v. Apfel, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

### III. CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act be **GRANTED in part**, and that he be awarded attorney fees in the amount of $330.84 for 2 attorney hours spent representing Plaintiff in connection with this action.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this **13th** day of **December, 2007**.

                                        **/s/ Sonja F. Bivins**
                                   **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                    **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**